**MILLENNIUM MARKETING GROUP, LLC, et al., Plaintiffs**

v.

**UNITED STATES of America, Defendant.**

**Civil No. H–06–962.**

United States District Court,
S.D. Texas,
Houston Division.

July 17, 2008.

---

Brian L. Cinelli, David P. Marcus, Marcus & Cinelli LLP, Williamsville, NY, David Marshall Nissman, David Marshall Nissman, LLC, Christiansted, VI, Amarc E. Grossberg, Thompson Knight LLP et al, Mary Pace Livingstone, Bracewell and Guiliani, Jacks C. Nickens, Nickens Keeton et al, Houston, TX, for Plaintiffs.

Daniel J. Healy, Brittney Nicole Campbell, U.S. Department of Justice, Washington, DC, for Defendant.

## ORDER

GRAY MILLER, District Judge.

Pending before the court is Plaintiffs' Motion for Order of Contempt and Imposition of Sanctions (Docket Entry No. 153). The court has considered the motion, all relevant filings, and the applicable law. For the reasons set forth below, the court **DENIES** the motion.

## I. Case Background

Plaintiffs, Millennium Marketing Group, LLC, the corporate sponsor of the Millennium Plan, and sixty-six individual taxpayers, brought this suit against the United States alleging wrongful disclosure of personal and tax return information in violation of the Privacy Act, 5 U.S.C. § 552a(g), and 26 U.S.C. § 6103.[1]

The Millennium Marketing Group promotes the Millennium Plan, an arrangement that claims to qualify for the section 419A(f)(6) exception to the deduction limitation of 26 U.S.C. § 419.[2] On October 4, 2004, Plaintiffs requested from the Internal Revenue Service ("IRS") a Private Letter Ruling ("PLR") concerning whether the Millennium Plan satisfied the requirements of 26 U.S.C. § 419A(f)(6).[3] Plaintiffs specifically requested that the PLR address whether the Millennium Plan qualified as a ten or more employer plan under section 419A(f)(6) and whether the Plan was similar to certain prohibited arrangements described by the IRS in IRS Notices 95–34 and 2001–51, making it a "listed transaction."[4] On September 12, 2007, the court ordered that Defendant shall not:

(a) Make any disclosures concerning plaintiffs that are not permitted disclosures under Internal Revenue Code Sections 6110 or 6103.

(b) Make representations to plan participants and/or third parties that the plan has been determined to be abusive or non-compliant with Section 419A(f)(6) unless or until such a determination, has, in fact, been made.[5]

On October 5, 2007, the IRS issued the PLR.[6] The PLR found that the Millennium Plan did not satisfy the requirements of 26 U.S.C. § 419A(f)(6) and was similar to certain plans previously disallowed by the IRS. Plaintiffs moved the court to prevent recog-

**1.** Plaintiffs' Motion for Order of Contempt and Imposition of Sanctions, Docket Entry No. 153, p. 2.

**2.** Defendant's Memorandum in Opposition to Plaintiffs' Motion for Contempt and Imposition of Sanctions, Docket Entry No. 162, p. 3.

**3.** *Id.* at 3–4.

**4.** *Id.* at 4.

**5.** Order of September 12, 2007, Docket No. 110, p. 1.

**6.** *Id.* at 7.

nition of the PLR as binding and to restrain Defendant from disclosing the PLR to third parties.[7]  On November 13, 2007, the court denied Plaintiffs' motion and found that the PLR was a "determination" of the Millennium Plan's non-compliance.[8]  The court stated that IRS's communications to participants and third parties that it believed the Millennium Plan was non-compliant with Section 419A(f)(6) would not violate the September 12 Order.[9]  The court also ordered that the IRS not make disclosures in violation of 26 U.S.C. § 6110.[10]

Plaintiffs now seek to hold Defendant in contempt of the court's September 12 and November 13 Orders.[11]  Plaintiffs state that the IRS sent one or more taxpayers/purchasers of the Millennium Plan a Thirty-day Letter providing notice that the Millennium Plan had been determined to be a listed transaction.[12]  Plaintiffs further complain that the Thirty-day Letters disclosed the substance of the PLR.[13]

## II.  Standard of Review and Applicable Law

A court has the inherent power to enforce compliance of its orders.  *Gonzalez v. Trinity Marine Group, Inc.*, 117 F.3d 894, 898 (5th Cir.1997).  Sanctions under the inherent power should be confined to instances of " 'bad faith or willful abuse of the judicial process.' "  *Id.*

## III.  Analysis

Plaintiffs argue that by sending Thirty-day Letters to taxpayers who purchased the Millennium Plan, the IRS violated 26 U.S.C. §§ 6110(c)(1), (e), and (g)(1), and as such, violated this court's prior rulings.  Plaintiffs further argue that the IRS had no legal justification or authorization for issuing the

Thirty-day Letters, that the IRS was not authorized to publish a list by notice, and that the IRS improperly considered the Millennium Plan as a "listed transaction" for the years of 2004, 2005 and 2006.[14]

Defendant opposes Plaintiffs' motion on the grounds that: (1) the United States has not waived sovereign immunity to be prosecuted for contempt; (2) the Anti–Injunction Act prohibits an order restraining the IRS from the assessment or collection of any taxes; and (3) Defendant has not violated the court's previous orders.  As the court finds that Defendant did not violate its orders, it need not consider the Anti–Injunction Act and Defendant's claim of sovereign immunity.

Generally, 26 U.S.C. § 6110 provides for public inspection of written determinations made by the IRS, including PLR's. 26 U.S.C. § 6110(b)(1)(A).  However, before making public any written determination, the IRS must delete certain identifying details.  26 U.S.C. § 6110(c).  Section 6110 provides for an administrative procedure whereby third parties may attempt to learn the identity of the person to whom the determination pertains.  26 U.S.C. § 6110(d), (e) and (f).  That decision may be appealed to the Tax Court.  26 U.S.C. § 6110(f)(4)(A).  Section 6110 also provides that the publication of a written determination may be postponed under certain conditions, 26 U.S.C. § 6110(g), and allows a civil action to be filed in the Court of Federal Claims whenever the section's procedures are not followed.  26 U.S.C. § 6110(j)(*l*).  In the present case, it is undisputed that the Millennium Plan PLR has not been published, but that certain substantive information contained within the unpublished PLR was contained in the Thirty-day Letters

---

**7.**  Plaintiffs' Motion for Order of Contempt and Imposition of Sanctions, Docket Entry No. 153, p. 7;  *See also* Plaintiffs' Motion for Clarification of September Order, Docket Entry No. 115.

**8.**  Order of Nov. 13, 2007, Docket Entry No. 124, p. 3.

**9.**  *Id.*

**10.**  *Id.*

**11.**  Plaintiffs' Motion for Order of Contempt and Imposition of Sanctions, Docket Entry No. 153, p. 1.

**12.**  *Id.* at p. 8. A Thirty–Day Letter notifies the participant that he will be assessed penalties under 26 U.S.C. § 6707A for failure to disclose the Plan transaction on his return.

**13.**  *Id.* at p. 9.

**14.**  These arguments are not part of this lawsuit and must be resolved administratively.

sent to taxpayers/participants of the Millennium Plan.

The court does not consider Defendant's conduct in sending the Thirty-day Letters to violate 26 U.S.C. § 6110 or to have been taken in bad faith. Plaintiffs have read too much into the court's orders. The court intended only that Defendant comply with the applicable disclosure laws while this lawsuit was pending. The court did not intend to restrict in any way the Defendant's ability to conduct its business once a PLR had been issued. Here, Plaintiffs seek to prohibit the IRS from disclosing information which explains the factual and legal bases for its disallowance of a deduction on a taxpayer's return and the imposition of penalties for non-disclosure of required information. Plaintiffs concede that the Thirty-day Letters must include a report that contains relevant facts and the government's position.[15] By attacking disclosure of the reasoning contained within the PLR, Plaintiffs attempt to prohibit the IRS from making any reasonable explanation of its position while simultaneously keeping Millennium Plan purchasers in the dark about the Plan's deficiencies and limiting their ability to appeal the tax assessment.

After reviewing the pleadings, the court does not consider the Defendant's actions in sending the Thirty-day Letters to violate the court's orders. The court does not consider a hearing to be necessary.

### IV. *Conclusion*

Based on the foregoing, Plaintiffs' motion is **DENIED.**

---

**15.** Plaintiffs' Reply to Defendant's Response in Opposition to Plaintiff's Motion for Contempt and Imposition of Sanctions, Docket Entry No. 167, pp. 5–6. (citing Internal Revenue Manual 4.10.8.11.2 (2006)).